UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

---

PETCO Animal Supplies Stores, Inc.,
a Delaware corporation,

Court File No. _____

             Plaintiff,

Demand for Jury Trial

    -vs-

Insurance Company of North America,
a Pennsylvania corporation,

           Defendant.

---

## COMPLAINT

---

    Plaintiff PETCO Animal Supplies Stores, Inc. ("PETCO"), for its complaint against Defendant Insurance Company of North America ("INA"), states and alleges as follows:

### PARTIES

    1.    PETCO is a Delaware corporation, with its principal place of business in California.

    2.    INA is a Pennsylvania corporation, with its principal place of business in Pennsylvania.

### JURISDICTION AND VENUE

    3.    This is a related case to another action currently pending in this district before the Honorable James M. Rosenbaum.

4.      On February 17, 2009, Medtronic, Inc. ("Medtronic") filed a lawsuit against PETCO, which is currently pending in the United States District Court for the District of Minnesota, Court File No. 09-0363 (JMR/JSM) (the "Medtronic Action").

5.      The present action is brought as a declaratory judgment pursuant to 28 U.S.C. § 2201.

6.      PETCO is a citizen of the States of California and Delaware.

7.      INA is a citizen of the State of Pennsylvania.

8.      The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs because the insurance policy at issue in this action has a limit of liability of $2,000,000.  Accordingly, complete diversity exists and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

**FACTS**

10.      In the Medtronic Action, Medtronic seeks approximately $1,800,000 for property damage related to a May 20, 2007 fire at its facility.  Medtronic alleges this fire was caused by a "Profile" aquarium heater (the "Aquarium Heater") it purchased from PETCO.

11.      This Aquarium Heater was designed and manufactured by Meiko Pet Corporation ("Meiko").

12.      INA issued a Products Liability Insurance Policy to Meiko Pet Corporation (Policy Number JCL0502023/2006-412) (the "Policy"), a true and correct copy of which is attached hereto as Exhibit A.

13.     Meiko and its insurer, INA, have been on notice of the Medtronic loss since May, 2007, within days after the fire.

14.     On May 28, 2007, Meiko was formally placed on notice of the Medtronic loss by a claims administrator for PETCO.

15.     On May 30, 2007, PETCO formally tendered the claim to Meiko.

16.     On May 30, 2007, Meiko's insurer, INA, informed PETCO that INA had retained the services of a forensic expert to attend a June 1, 2007 inspection of the loss.

17.     On May 31, 2007, Meiko informed PETCO that it could directly contact Meiko's insurance broker in Taiwan.

18.     On May 31, 2007, Meiko informed PETCO that Meiko's insurance carrier was handling this claim.

19.     On August 31, 2007, INA's adjuster, GAB Robins North America, Inc., denied the tender because PETCO allegedly was not "listed" as an "additional insured" on the policy.

20.     PETCO at that point, of course, did not have a copy of the INA Policy to see that the denial was not in good faith.

21.     The Policy period was from September 20, 2006 to October 1, 2007.

22.     The Medtronic loss occurred during the Policy Period.

23.     The Policy territory is "worldwide."

24.     The Insuring Agreement provides that "[t]he Company will pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage including within the product hazard to which this insurance applies. . . . The bodily injury or property damage must be caused by an occurrence. The occurrence must take place in the Policy territory."

**The Medtronic loss is an "occurrence" and constitutes a "products hazard" and "property damage" under the terms of the Policy**

25.     The Policy defines "occurrence" as "an accident including continuous or repeated exposure to substantially the same general harmful conditions."

26.     The Medtronic loss is an "occurrence."

27.     Assuming the allegations in the Medtronic complaint are true, the Medtronic loss constitutes "property damage" per the Policy's definition.

28.     Assuming the allegations in the Medtronic complaint are true, the Medtronic loss constitutes a "products hazard," in that "'products hazard' includes all . . . 'property damage' occurring away from premises the Insured [Meiko] owns or rents and arising out of the Insured's product or work except products that are still in the Insured's physical possession."

**The Aquarium Heater is an Insured Product**

29.     The Policy provided coverage for Meiko products, including for "Aquarium Heater[s]."

30.     The Aquarium Heater was "manufactured by the Insured [Meiko] in Taiwan and exported to the Policy territory."

31.     In the alternative, the Aquarium Heater was "manufactured in Taiwan and exported by the Insured [Meiko] to the Policy territory."

**PETCO is an Additional Insured**

32.     The Policy contains an "Additional Insured (Vendors-Broad Form)" endorsement, which amends the "Personal Insured" provision of the Policy to include as an Insured: "All the Vendors who have directly contracted with the Named Insured [Meiko] in the regular course of the vendor's business."

33.   PETCO directly contracted with Meiko to purchase "Profile" aquarium heaters, i.e., the one at issue in the Medtronic Action.

34.   PETCO did not repackage, alter or modify the aquarium heater.

35.   PETCO simply sold the finished product manufactured and supplied to it by Meiko.

**The Products Warranty exclusion does not apply**

36.   The Policy contains the following provision:

Products Warranty

It is warranted, and a condition precedent to recovery hereunder, that Air Pumps, Heater, Filters, Heating Stone, Heated Mat, Heated Bowl and Heated Bucket are UL/CSA approved and/**or** complied with the mandatory and/**or** voluntary safety standards of the importing countries.

Failure to comply with the conditions of this warranty shall render the policy null and void.

See Exhibit A (emphasis added).

37.   The Policy fails to state which "Heater" it is referring to in the Product Warranty provision.

38.   In a letter dated January 14, 2010, INA once again denied that it had a duty to defend PETCO. In addition, INA stated that it "has been advised that the aquarium heater at issue was manufactured sometime between 1998 and 2000 and apparently was not subject to UL/CSA standards."

39.   The Aquarium Heater was not at that time subject to any UL/CSA standards **specific** to aquarium heaters as a whole. Accordingly, the "Product Warranty" exclusion does not apply.

40.     In any event, INA entirely failed to consider the disjunctive language of the Products Warranty provision, i.e., the repeated use of the word "or."

41.     The Aquarium Heater complied with various UL and other safety standards applicable at the time of manufacture, including but not limited to the fact that (a) the cord and plug complied with the cord-connected appliances standard, (b) the appliance did not contain sharp edges that could cause lacerations or cuts during intended use, (c) the material used had the properties to meet the demand of expected loading conditions and would not break or deteriorate in such away to cause injury, (d) the component mounted on a printed wiring board to form a printed wiring assembly was securely held in place, (e) the material was resistant to a salt spray test, (f) it had appropriate cautionary and warning markings, included but not limited to instructions on a drip loop, and (g) the aquarium heater also met other safety standards.

**INA owes PETCO a duty to defend the Medtronic action**

42.     PETCO is entitled to the benefits provided under the Policy, including, but not limited to, INA (i) providing the coverage afforded PETCO under the Policy; (ii) undertaking the defense of the Medtronic Action on behalf of PETCO; (iii) paying any verdict, judgment, or settlement amount that may be entered, awarded or assessed against PETCO in the Medtronic Action; and (iv) indemnifying and holding harmless PETCO for any and all liability, loss, costs, disbursements, expenses, attorneys' fees, and any other expenses that may be imposed upon it by reason of the Medtronic Action or the defense of the Medtronic Action.

43.     The Policy provides that "[t]he Company [INA] shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent. . . ."

44.     On December 14, 2009, PETCO once again made written demand on INA to provide PETCO with the coverage pursuant to the Policy, including a demand for INA to undertake the defense of the Medtronic Action on behalf of PETCO.

45.     On January 14, 2010, INA denied PETCO's December 14, 2009 demand.

46.     INA breached its duty to defend PETCO.

47.     INA had a continuing duty to reevaluate its coverage position, which duty it breached.

48.     Rather than affording coverage provided by the Policy, INA:

a.      failed to state a proper and adequate basis for denying coverage, and instead asserted grounds for denying coverage contrary to the facts, the law, insurance industry custom and practice, and PETCO's reasonable expectations;

b.      gave more weight to its own financial interests than to PETCO's interests by ignoring applicable law, unreasonably interpreting policy language in the insurer's favor, and refusing to reimburse PETCO for its attorneys' fees and costs incurred in investigating and defending the Medtronic loss and Action;

c.      failed to conduct an adequate investigation into the facts and circumstances related to PETCO's status as an additional insured;

d.      failed to properly evaluate and/or investigate this claim thoroughly or in an objective manner;

e.      failed to acknowledge coverage and refused to reimburse PETCO without any reasonable or legitimate basis for doing so;

f.      misrepresented pertinent facts and/or insurance policy provisions relating to the coverage at issue;

g.      compelled PETCO to institute litigation to obtain coverage and amounts due

under the Policy; and

h.      otherwise acted as alleged above and contrary to law.

49.     PETCO has incurred attorneys' fees and costs in the approximate amount of

$100,000 relating to the investigation and defense of the Medtronic loss and Action, and will

continue to incur additional amounts as the Medtronic Action continues to trial.

50.     As PETCO tendered this claim in May, 2007 to Meiko and INA, and PETCO is

entitled to the benefits afforded by the Policy, INA must reimburse PETCO for the attorneys'

fees and costs it has and will continued to incur in investigating and defending the Medtronic

loss and Action.

51.     As INA breached its duty to defend, PETCO is entitled to its attorneys' fees and

costs incurred in bringing this action.  The attorneys' fees and costs incurred by PETCO are

consequential damages of INA's breach of its contractual duty to defend.

## COUNT I
## DECLARATORY RELIEF

52.     PETCO restates and incorporates by reference the previous paragraphs.

53.     A dispute has arisen between PETCO and INA concerning their respective rights,

duties and liabilities to one another under the Policy, including whether INA is required to

undertake the defense of the Medtronic Action on behalf of PETCO.

54.     PETCO is entitled to a declaration that it is entitled to coverage under the Policy,

and is entitled to have INA undertake the defense of the Medtronic Action on behalf of PETCO.

55.     PETCO has no other adequate and speedy remedy at law, and a declaration of

rights is necessary and proper for a resolution of the dispute.

## COUNT II
## BREACH OF CONTRACT

56.    PETCO restates and incorporates by reference the previous paragraphs.

57.    INA issued the Policy of insurance to Meiko that provided coverage to vendors of Meiko as Additional Insureds.

58.    PETCO is entitled to the benefits afforded by the Policy as an Additional Insured, or otherwise.

59.    INA breached its contractual obligations under the Policy by denying coverage to PETCO.

60.    INA breached its contractual obligations under the Policy by wrongfully refusing to defend PETCO in the Medtronic Action.

61.    INA has exhibited a pattern or practice of wrongfully, and in bad faith, denying PETCO the contractual rights it has as an Additional Insured under the Policy.

62.    PETCO has been damaged in an amount in excess of $75,000 because of INA's breach of contract.

### RELIEF REQUESTED

**WHEREFORE**, PETCO Animal Supplies Stores, Inc. respectfully requests that the Court rule as follows:

a.    Issue an order and judgment declaring that PETCO is entitled to coverage under the Policy, and is entitled to have INA undertake the defense of the Medtronic Action on behalf of PETCO;

b.    For an award of the attorneys' fees and costs PETCO has incurred to investigate and defend the Medtronic loss and Action;

c.    For an award of PETCO's attorney fees and costs incurred in the present action, and such other damages proven at trial; and

d.    For such other relief the Court deems proper, just and equitable.

**HENSON & EFRON, P.A.**

Dated: March 8, 2010

By_____s/ Scott A. Neilson_____
    Scott A. Neilson, 239951
    Wesley T. Graham, 34574X
220 South Sixth Street, Suite 1800
Minneapolis, Minnesota  55402-4503
Telephone: 612-339-2500

Attorneys for Plaintiff PETCO Animal Supplies
Stores, Inc.

391040.DOC

- 10 -