UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PETCO Animal Supplies Stores, Inc., a Delaware corporation, | Court File No. 0:10-cv-00682-DWF-JSM |
| Plaintiff, | |
| v. | |
| Insurance Company of North America, a Pennsylvania corporation, | |
| Defendant. | |

## RULE 26(f) REPORT

The counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f), and prepared the following report.

The pretrial conference in this matter is scheduled for May 26, 2010, at 3:00 p.m. before the United States Magistrate Judge Janie S. Mayeron in Room 632, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.  The parties do not request that the pretrial be held by telephone.

1.  **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

    a.  The date and place at which the meeting was held:

    On May 5, 2010 in Minneapolis, Minnesota.

    b.  Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting:

    PETCO, 9125 Rehco Road, San Diego, CA 92121, counsel listed below.

   Insurance Company of North America, Scranton, Pennsylvania, counsel listed below.

c. Name of insurance carriers that may be liable for the defense or payment of any damage award:

   Insurance Company of North America

d. An agenda of matters to be discussed at the Pretrial Conference:

   Discovery deadlines and trial dates.

2. **Description of the Case**.

a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description:

   There is a diversity of citizenship, 28 USC § 1332, with an amount in controversy in excess of $75,000. This is an insurance coverage case in which the policy has a $2,000,000 limit, and the underlying case for which coverage is sought has alleged damages, including attorneys' fees and costs needed to defend the case, of about $2,000,000.

b. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses:

   Insurance Company of North America (INA) is claimed to have provided coverage for a vendor of a product apparently sold by its insured. The relationship between the defunct insured of INA and the plaintiff is an issue in the case. Several provisions in the insurance policy may provide a claim that there is a defense in the matter. The policy contains provisions that will be at issue in the case.

   Products Warranty

   It is warranted, and a condition precedent to recovery hereunder, that Air Pumps, Heater, Filters, Heating Stone, Heated Mat, Heated Bowl and Heated Bucket are UL/CSA approved and/or complied with the mandatory and/or voluntary safety standards of the importing countries.

c. A summary itemization of the dollar amount of each element of the alleged damages:

   The amount of money at issue has not been determined. The underlying case has been scheduled for trial in September 2010.

3. **<u>Pleadings</u>.**

a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings:

>We believe the pleadings are in order, but the plaintiff may seek to amend its Complaint.

b. The date by which all motions that seek to amend the pleadings to add parties, claims and defenses will be filed:

>June 15, 2010

c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded:

>Both parties demanded a jury trial, although it is not clear whether the case can be tried to a jury. It is, in part, subject to the interpretation of the policy language.

4. **<u>Discovery Plan</u>.**

a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed:

>May 19, 2010

b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced, and if not, when the parties believe that alternative dispute resolution would be appropriate. In addition, state the proposed method of alternative dispute resolution:

>The parties request that the Magistrate Judge mediate the case.

c. Whether discovery should be conducted in phases (e.g., to first discover information bearing on dispositive issues or on settlement), or limited to or focused upon, particular issues:

>The parties believe that they can work out any potential problems.

d. How the parties propose handling any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

>The parties believe that they can work out any potential problems.

e.	How the parties propose handling claims of privilege and protection of trial preparation material:

    The parties believe that they can work out any potential problems.

f.	How the parties propose handling the protection of confidential information:

    The parties believe that they can work out any potential problems.

g.	The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B), including rebuttal experts:

    Plaintiff: July 16, 2010

    Defendant: August 18, 2010

h.	Whether changes should be made in the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any:

    No

i.	The number of interrogatories each party shall be permitted to serve, including subparts:

    Per rule, 25

j.	The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take:

    3

k.	The number of expert depositions each party shall be permitted to take.

    2

5.	**Close of Fact and Expert Discovery and Non-Dispositive Motions.**

a.	The date by which all fact discovery shall be completed.

    Plaintiff: July 30, 2010

    Defendant: September 1, 2010

b.	The date by which all expert discovery, including expert depositions, shall be completed:

Plaintiff: July 30, 2010

Defendant: September 1, 2010

c. The date by which any independent medical examination shall be completed and the report served on the opposing party:

Not applicable.

d. The date by which all non-dispositive motions shall be served, filed and heard by the Court.

Plaintiff: July 16, 2010

Defendant: August 15, 2010

6. **Dispositive Motions and Trial.**

a. Date by which all dispositive motions shall be served, filed and heard by the Court:

Plaintiff: September 1, 2010

Defendant: October 1, 2010

b. Date by which case will be ready for trial:

Plaintiff: October 1, 2010

Defendant: November 1, 2010

c. The number of expert witnesses each party expects to call at trial:

The parties cannot think of any expert witnesses they might call, but reserve the right to do so.

d. Estimated trial time (the number of days needed for trial, including jury selection and instructions, if applicable).

2 - 3 days

Dated:  May 12, 2010. **HENSON & EFRON, P.A.**

By:   s/ Scott A. Neilson
   Scott A. Neilson (#239951)
   Wesley T. Graham (#34574X)
   220 South Sixth Street, Suite 1800
   Minneapolis, MN  55402-4503
   Telephone:  (612) 339-2500
   Facsimile: (612) 339-6364

*Attorneys for Plaintiff*

Dated:  May 12, 2010. **STICH, ANGELL, KREIDLER, DODGE & UNKE, P.A.**

By:   s/ John F. Angell
   John F. Angell (#0002768)
   Louise A. Behrendt (#0201169)
   The Crossings, Suite 120
   250 Second Avenue South
   Minneapolis, MN 55401
   Telephone:  612-333-6251
   Facsimile:  612-333-1940

*Attorneys for Defendant*